UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW WETZEL | CIVIL ACTION |
| VERSUS | NO. 23-2453 |
| JAMES LEBLANC | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

Petitioner, Andrew Wetzel, is a state prisoner incarcerated at the Bayou Correctional Center in Tallulah, Louisiana. He filed a 28 U.S.C. § 2254 habeas corpus petition, which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases..[1] The petition is accompanied by a motion seeking leave to file this petition notwithstanding sanctions and filing restrictions imposed against Wetzel by the United States Fifth Circuit Court of Appeal.[2]

Wetzel presented the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254, his second in as many months, challenging his conviction for arson in St. Tammany Case No. 472,552. Wetzel claims that his prior conviction in that state criminal case was overturned on June 27, 2022, and, on that date, he was resentenced after a plea of guilty, which is the conviction he now challenges on two grounds:[3]

  (1)  The state trial court violated his Sixth Amendment rights when it failed to conduct a *Faretta* hearing before allowing him to plead guilty; and
  (2)  His due process rights were violated when the State violated the plea agreement.

---

[1] ECF No. 1, at 1.
[2] ECF No. 3.
[3] ECF No. 1, ¶2, at 1; ECF No. 3, ¶1, at 1.

Wetzel, however, is a prolific filer who has been repeatedly sanctioned for his abuse of the writ. In 2015, Wetzel was sanctioned $200 by the United States Fifth Circuit Court of Appeals for his failure to heed court instructions and based on his "history of frivolous, repetitive, and abusive filings."[4] The court further instructed:

> Wetzel is BARRED from filing any pleading in this court or in any court subject to this court's jurisdiction challenging any conviction or sentence until all sanctions have been paid in full, unless he first obtains leave of court in which he seeks to file such a challenge.[5]

In 2017, the Fifth Circuit repeated its censure with specific reference to Wetzel's arson conviction and noted that Wetzel had by that time been sanctioned $800 for his "frivolous, repetitive, and abusive" habeas filings.[6] As a result of these and similar orders, Wetzel repeatedly has been denied leave to file habeas challenges to his various convictions for his failure to pay the outstanding sanctions and/or prove entitlement to file a habeas petitions without payment of the sanctions.[7]

Wetzel, on May 10, 2023, submitted an almost identical petition to this court in Civ. Action 23-1554"A"(2), asserting these same claims, among others. As he does here, Wetzel argued that he was challenging a "new" conviction following his June 27, 2022, guilty plea to and resentencing for the 2010 arson charges in St. Tammany Parish Case No. 472,552.[8] He also asserted without

---

[4] *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) (unpub.) (referencing prior sanctions and restrictive filing instructions in *Wetzel v. Tanner*, App. No. 13-31061 (5th Cir. Aug. 4. 2014) (unpub.)).

[5] *Id*. at 2 (emphasis added); *see also Wetzel v. Tanner*, App. No. 13-31061 (5th Cir. Aug. 4, 2014) (unpub.) (addressing prior sanctions and habeas filing restrictions not heeded by Wetzel).

[6] *In re Wetzel*, App. No. 17-90015, at 2 (5th Cir. Aug. 10, 2017) (unpub.).

[7] *See, e.g.*, *In re Wetzel*, App. No. 17-90013, at 2 (5th Cir. Aug. 15, 2017) (leave for sanctioned litigant to file denied for failure to raise a nonfrivolous issue); *Wetzel v. Goodwin*, No. 17-5676"N"(1), ECF No. 6 (E.D. La. Dec. 15, 2017) (order denying motion for leave to file and closing case); *see also*, *In re Wetzel*, No. 17-3617"N"(1), ECF No. 7 (E.D. La. Dec. 15, 2017) (same); *In re Wetzel*, No 17-3581"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same); *In re Wetzel*, No. 17-3570"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same); *Wetzel v. Goodwin*, No. 17-CV-3559"N"(1), ECF No. 4 (E.D. La. Dec. 15, 2017) (same).

[8] Civ. Action 23-1554, ECF No. 4, ¶1-¶2, at 1; *id*., ¶4, at 2.

support that he paid the sanctions owed to the United States Fifth Circuit.[9] After review of his pleadings, on recommendation of the undersigned magistrate judge, this Court denied Wetzel leave to file the petition challenging his arson conviction in St. Tammany Case No. 472,552.

Wetzel has returned to this Court requesting leave to file the instant petition challenging that same conviction on two of the same grounds.[10] In his pleading construed as a motion for leave to file, Wetzel again asserts simply that he paid the past sanctions and is now challenging a new conviction based on his June 22, 2022, plea of guilty.[11] He requests that the Court allow him to proceed because the prior sanctions do not apply to this new conviction.[12]

Contrary to Wetzel's assertion however, the United States Fifth Circuit's orders are clear that Wetzel's sanctions and restricted filing eligibility apply to challenges to "*any* conviction or sentence."[13] There is no exception for "new" convictions, as Wetzel suggests. In addition, according to the Fifth Circuit's records, Wetzel has a total of $1,000 in sanctions unpaid and outstanding in the following Fifth Circuit cases, each carrying with it a restatement of the bar to the filing of future habeas challenges:

    (1)    *Wetzel v. Tanner*, App. No. 13-31061, at 2 (5th Cir. Aug. 4, 2014) ($500);
    (2)    *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) ($200);
    (3)    *In re Wetzel*, App. No. 17-90014, at 2 (5th Cir. Aug. 10, 2017) ($100);
    (4)    *In re Wetzel*, App. No. 17-90015, at 2 (5th Cir. Aug. 10, 2017) ($100);
    (5)    *In re Wetzel*, App. No. 17-90013, at 3 (5th Cir. Aug. 15, 2017) ($100).

Wetzel has failed to establish that he paid the sanctions, and the circuit court's records reflect no payment. Wetzel also failed to provide any reason for the court to grant leave to file

---

[9] *Id.*, ¶3, at 1.
[10] ECF No. 3.
[11] *Id.*, ¶1-2, at 1.
[12] *Id.*, ¶3-4.
[13] (emphasis added) *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) (unpub.); *see also*, *In re Wetzel*, App. No. 17-90013, at 3 (5th Cir. Aug. 15, 2017) ("[H]e is barred from filing any pleadings challenging any of his convictions and sentences. . .").

support that he paid the sanctions owed to the United States Fifth Circuit.[9] After review of his pleadings, on recommendation of the undersigned magistrate judge, this Court denied Wetzel leave to file the petition challenging his arson conviction in St. Tammany Case No. 472,552.

Wetzel has returned to this Court requesting leave to file the instant petition challenging that same conviction on two of the same grounds.[10] In his pleading construed as a motion for leave to file, Wetzel again asserts simply that he paid the past sanctions and is now challenging a new conviction based on his June 22, 2022, plea of guilty.[11] He requests that the Court allow him to proceed because the prior sanctions do not apply to this new conviction.[12]

Contrary to Wetzel's assertion however, the United States Fifth Circuit's orders are clear that Wetzel's sanctions and restricted filing eligibility apply to challenges to "*any* conviction or sentence."[13] There is no exception for "new" convictions, as Wetzel suggests. In addition, according to the Fifth Circuit's records, Wetzel has a total of $1,000 in sanctions unpaid and outstanding in the following Fifth Circuit cases, each carrying with it a restatement of the bar to the filing of future habeas challenges:

    (1)    *Wetzel v. Tanner*, App. No. 13-31061, at 2 (5th Cir. Aug. 4, 2014) ($500);
    (2)    *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) ($200);
    (3)    *In re Wetzel*, App. No. 17-90014, at 2 (5th Cir. Aug. 10, 2017) ($100);
    (4)    *In re Wetzel*, App. No. 17-90015, at 2 (5th Cir. Aug. 10, 2017) ($100);
    (5)    *In re Wetzel*, App. No. 17-90013, at 3 (5th Cir. Aug. 15, 2017) ($100).

Wetzel has failed to establish that he paid the sanctions, and the circuit court's records reflect no payment. Wetzel also failed to provide any reason for the court to grant leave to file

---

[9] *Id.*, ¶3, at 1.
[10] ECF No. 3.
[11] *Id.*, ¶1-2, at 1.
[12] *Id.*, ¶3-4.
[13] (emphasis added) *Wetzel v. Goodwin*, App. No. 14-30370, at 3 (5th Cir. Apr. 8, 2015) (unpub.); *see also*, *In re Wetzel*, App. No. 17-90013, at 3 (5th Cir. Aug. 15, 2017) ("[H]e is barred from filing any pleadings challenging any of his convictions and sentences. . .").

this petition without payment of those fines. He has offered the Court nothing new since his prior requests for leave to file a petition challenging this same conviction were denied on June 20 and 27, 2023, in Civ. Action 23-1554"A"(2).[14] Based on court records, Wetzel also has neither sought nor received forgiveness of these sanctions from the United States Fifth Circuit before attempting to file here. Wetzel again acknowledges the alternative filing requirements imposed by the United States Fifth Circuit, yet he cannot meet and/or declines to abide by them.[15]

## RECOMMENDATION

It is therefore **RECOMMENDED** that Andrew Wetzel be **DENIED** leave to file this 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction in St. Tammany Case No. 472,552, and this matter be **CLOSED** by the Clerk of Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[16]

New Orleans, Louisiana, this 11th day of July, 2023.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[14] Civ. Action 23-1554"A"(2), ECF Nos. 7, 11.

[15] The court need not consider Wetzel's pauper application (ECF No. 2), because he has not established eligibility to file the petition in the first instance.

[16] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).